### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JANET WALTERS,

        **Plaintiff,**

-vs-                                          **Case No.  6:01-cv-1390-Orl-JGG**

CENTRAL FLORIDA INVESTMENTS, INC., WESTGATE AT THE CANYONS, PARK CITY, WESTGATE RESORTS, INC., WESTGATE RESORTS, LTD., WESTGATE AT THE CANYONS INSURANCE AGENCY,

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **AMENDED DEFENDANTS' MOTION IN LIMINE (Doc. No. 121)** |
| **FILED:** | **February 10, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S FIRST MOTION IN LIMINE (Doc. No. 123)** |
| **FILED:** | **February 11, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Both Plaintiff and Defendants seek to limit the admissibility of certain trial evidence.  The parties have resolved the issues relating to non-disclosed witnesses and have withdrawn that aspect of their respective motions in limine.  Docket No. 140-1 at 16.  Remaining issues relate to: 1.) Plaintiff's  prior litigation in the case of *Janet Walters and Marc Walters v. Ocean Development, et al.*, Case No. 6:97-cv-1204-PCF (M. D. Fla.); 2.) Marc Walters' participation in this litigation; 3.) litigation between Mary Lawver and Defendants or other parties; 4.) testimony by Denise "Twiggs" Paxton; 5.) testimony by Kim Cipriano; and 6.) testimony by other individuals whose knowledge is based solely on Lawver's action.

## I.   ADMISSIBILITY OF EVIDENCE RELATED TO *WALTERS V. OCEAN DEVELOPMENT*

Plaintiff seeks to exclude any mention of her sexual harassment law suit against former employer Ocean Development, in which her husband Marc Walters also joined as a party.  Plaintiff argues that her prior law suit is irrelevant to this action or, if relevant, any probative value is outweighed by the prejudicial effect of this evidence.  Plaintiff further argues that evidence regarding her prior allegations of sexual harassment constitute improper character evidence.

Defendants counter that Plaintiff's prior law suit is relevant on several grounds.  Specifically, Defendants argue that Plaintiff claimed emotional injuries in the prior law suit, and the extent of those emotional injuries are relevant to causation of her current injuries.  Defendants also argue that if Plaintiff was compensated for those injuries, Defendants may be entitled to some apportionment of damages.  Defendants also argue that, through Plaintiff's prior law suit, Plaintiff became familiar with sexual harassment policies and reporting requirements under those policies.  Further Defendants argue that the facts underlying Plaintiff's claim against Ocean Development reveal a common scheme, and

-2-

should be admissible to attack Plaintiff's credibility and to show motive.  Because credibility is not a collateral issue, Defendants argue any potential prejudice cannot outweigh the probative value of the evidence.

The Court agrees with Defendants' arguments regarding evidence relating to causation of Plaintiff's injury, Plaintiff's knowledge of the law and procedures to be followed when sexually harassed, and Plaintiff's credibility.  The parties, therefore, may introduce evidence on those issues.

Nevertheless, not all evidence regarding Plaintiff's prior law suit is admissible.  The parties have not yet detailed for the Court the evidence they intend to introduce regarding Plaintiff's former law suit.  Defendants may attempt to introduce evidence of the amount Ocean Development paid to Plaintiff or her husband to settle their law suits.  Such evidence likely will be excluded as irrelevant to this action or, if relevant, excluded because its prejudicial effect outweighs any probative value.

## II.     LITIGATION AND TESTIMONY BY MARC WALTERS

Plaintiff seeks to exclude evidence that Marc Walters sued Defendants, and that the parties agreed to a voluntary dismissal of his claim.  Plaintiff, however, proposes to have Marc Walters testify in support of Plaintiff's claimed damages — specifically how the alleged sexual harassment affected his wife and family.  Plaintiff also proposes to have Marc Walters testify regarding Defendants' actions in response to his wife's complaints and Defendants' work policies.

Defendants asks this Court to preclude Marc Walters' testimony entirely, arguing that  his knowledge of the alleged sexual harassment derives solely from conversations with Plaintiff and constitutes inadmissible hearsay.  If Marc Walters is allowed to testify, Defendants wish to be able to cross-examine him on "the entire story."  Defendants are unclear what they mean.

Certainly, Marc Walters' testimony regarding Plaintiff's statements to him about the alleged harassment cannot be used to prove the truth of the matter asserted.  On the other hand, some of Plaintiff's statements to her husband may qualify as a party admission or may qualify under an exception to the hearsay rule.  Without hearing the context of the proffered statement, the Court cannot rule in advance regarding the admissibility of particular statements.  As an employee of Defendants, Marc Walters may possess personal knowledge regarding Defendants' work policies and, to that extent, he may testify regarding those policies.  Further, Marc Walters has personal knowledge regarding his wife's behavior in his presence and may testify to those matters within his personal knowledge.  To the extent that Defendants contend Marc Walters' law suit against Defendants evidences witness bias or raises credibility issues, cross-examination on those grounds will be permitted.

III.    **LITIGATION AND TESTIMONY BY MARY LAWVER**

Mary Lawver filed a separate sexual harassment law suit against Defendants in which she alleged *inter alia* a hostile work environment based on alleged acts by supervisor Joseph McGriff.  McGriff also allegedly supervised Plaintiff, and Plaintiff alleges acts of harassment by McGriff.  Lawver settled her dispute with Defendants pursuant to a confidential settlement agreement.  Lawver also previously sued another employer for sexual harassment.

Defendants move to exclude all testimony by Lawver, contending that it is irrelevant to Plaintiff's claim as Lawver has no personal knowledge regarding Plaintiff's alleged harassment.  Defendants further argue that Lawver's allegation that she, too, was harassed by McGriff should be excluded because the probative value is outweighed by its prejudicial effect, and because it constitutes

impermissible character evidence. Defendants argue that the Lawver's alleged harassment is different

from Plaintiff's alleged harassment in that Plaintiff's allegations involve four distinct incidents which

involved no demand for sexual favors, whereas Lawver's allegations focus on her termination after

she rejected McGriff's advances.

Plaintiff seeks to exclude evidence about Lawver's litigation against Defendants and other

prior employers, yet wants to introduce evidence about McGriff's alleged acts of harassment against

Lawver and the work environment in Utah. While Plaintiff agrees that McGriff's "bad acts" towards

Lawver cannot be used to prove that he acted in the same way towards Plaintiff, Plaintiff argues that

such evidence is admissible pursuant to Fed. R. Evid. 404 (b) to prove motive, intent, or absence of

mistake. Plaintiff also argues that acts occurring prior to the discrimination at issue are relevant to the

discriminatory attitudes of Defendants and the failure to take appropriate corrective measures.

Although Fed. R. Evid. 404 (b) prohibits the introduction of prior bad acts to prove a

defendant's bad character or that he acted in conformity therewith, "the Rule does not preclude the

introduction of such evidence to demonstrate a defendant's plan, motive, opportunity, intent, pattern,

etc." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir.2001). Lawver alleges that she was

sexually harassed by McGriff during the same time frame as Plaintiff, and that she reported the

harassment to management at approximately the same time as Plaintiff made her report. It is true that

Lawver's allegations included a *quid pro quo* harassment theory. Nevertheless, the difference between

the type of hostile environment harassment alleged by Lawver and that alleged by Plaintiff is not so

significant as to unfairly prejudice the Defendants.

-5-

Evidence of McGriff's harassment of other women who worked under him may be admitted to show plan, motive, opportunity, intent, and pattern.  Defendants' handling of Lawver's complaint also is relevant to the effectiveness of Defendants' anti-harassment policy and the Defendants' affirmative defense raised under *Faragher/Ellerth*.[1]  Nevertheless, any party is free to propose a limiting instruction to the jury no later than ten days from the date of this order.

Defendants contend that evidence regarding their confidential settlement with Lawver would violate Fed. R. Evid. 403 and 408.  Rule 408 would prevent admission of evidence related to the conduct of or statements made during settlement negotiations, but would not preclude the fact of the settlement or introduction of evidence to prove bias or prejudice.  Neither Defendants nor Plaintiff seek to introduce evidence of Lawver's litigation or settlement with Defendants, so no ruling *in limine* is required.  Evidence regarding Lawver's litigation against other employers, however, may be admitted to prove bias or prejudice.

## IV.    TESTIMONY BY DENISE "TWIGGS" PAXTON

Defendants move to exclude testimony by Denise "Twiggs" Paxton, arguing that Paxton does not have personal knowledge of Plaintiff's or Lawver's alleged harassment, and that her knowledge is based on office gossip.  Plaintiff contends Paxton's testimony is circumstantial evidence of Defendants' attitude regarding Defendants' policies.  Plaintiff apparently wishes Paxton to testify regarding: 1.) reports of discrimination to co-workers; 2.) Plaintiff's state of mind; 3.) Paxton's opinion that Plaintiff was treated unfairly; 4.) Paxton's opinion that Plaintiff acted reasonably in not returning to work; 5.) Paxton's knowledge about other complaints of harassment and discriminatory

---

[1] *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807(1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

conduct reported to supervisors; 6.) Paxton's personal knowledge about training and policies regarding

the reporting and handling of discrimination complaints; and 7.) Defendants' control over the work

and conditions of work of employees and alleged independent contractors.

"Reports of discrimination to co-workers" presumably means that Paxton would testify

regarding statements that made Plaintiff made to her.  As with Plaintiff's statements to her husband,

Paxton's testimony regarding Plaintiff's statements to Paxton cannot be used to prove the truth of the

matter asserted.  On the other hand, some of Plaintiff's statements may qualify as a party admission

or may qualify under an exception to the hearsay rule.  Without hearing the context of the proffered

statement, the Court cannot rule in advance regarding the admissibility of particular statements.

To the extent Paxton personally observed Plaintiff in the workplace or personally conversed

with Plaintiff, Paxton may have personal knowledge regarding Plaintiff's behavior and state of mind.

Despite the apparent relevance of the testimony, it appears that testimony regarding Plaintiff's state

of mind will be introduced through Plaintiff, her husband, her sister, and Paxton.  The Court cautions

against the presentation of cumulative evidence, and will entertain such objections at trial.  *See* Fed.

R. Evid. 403.

Plaintiff does not contend that Paxton is an expert, so any opinion testimony must be pursuant

to Fed. R. Evid. 701.  Plaintiff has presented insufficient information to justify lay opinion testimony

by Paxton.  Therefore, such testimony is excluded.

With regard to Paxton's testimony that other employees complained to supervisors about

sexual harassment, if Paxton has personal knowledge of those reports (*e.g.,* she personally made the

report or witnessed the report being made), Fed. R. Evid. 602 is satisfied.  The parties, however, have

-7-

not provided the Court with sufficient information to determine the relevance of the proposed testimony. For example, if the other reports were made a long time ago, they may be irrelevant to this litigation. The Court defers final ruling on this issue until trial.

As to Paxton's knowledge about employer policies or control over "independent contractors," if Paxton has personal knowledge, such evidence may be relevant. Again, the Court cautions against the presentation of cumulative evidence.

## V.   TESTIMONY BY KIM CIPRIANO

Kim Cipriano is Plaintiff's sister. Plaintiff claims that Cipriano was present when Plaintiff complained to CFI's Human Resources Director regarding McGriff. Defendants claim that Cipriano "did not participate in the meeting." If Cipriano was in a position to hear or see the meeting, she has personal knowledge and may testify regarding her observations.

Plaintiff also intends for Cipriano to testify regarding Plaintiff's state of mind, and Cipriano's opinion regarding the reasonableness of Plaintiff's decision not to return to work. Again, Plaintiff fails to show that Cipriano's lay opinion is the type of evidence admissible pursuant to Fed. R. Evid. 701. Therefore, Cipriano's opinion is excluded. Cipriano may testify as to her personal knowledge regarding Plaintiff's state of mind, so long as it is not cumulative.

## VI.   TESTIMONY OF OTHER INDIVIDUALS

Defendants' motion in limine sought to exclude testimony by Carol Beard and Diane Robert. Although not specifically withdrawn, these individuals no longer appear on Plaintiff's witness list in the Amended Joint Pretrial Stipulation. Docket No. 140-1. The issue raised in Defendants' motion

-8-

in limine is moot.

       **DONE** and **ORDERED** in Orlando, Florida on March 28, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE